J-S59016-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| IGNACIO CARTEGENA, | |
| Appellant | No. 2043 EDA 2015 |

Appeal from the Judgment of Sentence of April 28, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010833-2012

BEFORE:  BENDER, P.J.E., OLSON and FITZGERALD,* JJ.

MEMORANDUM BY OLSON, J.:                        **FILED AUGUST 09, 2016**

Appellant, Ignacio Cartegena, appeals from the judgment of sentence entered on April 28, 2015 in the Criminal Division of the Court of Common Pleas of Philadelphia County.  We affirm.

The trial court summarized the factual and procedural history in this case as follows.

> [O]n November 23, 2011, a van pulled onto the 2200 block of West Huntingdon Street in Philadelphia.  Two men (one of whom was wearing a mask) stepped out of the van.  Both had firearms and began shooting.  Mark Plaire ("Plaire") was on the block when the van pulled up and the shooting began.  Thinking the men were firing at him, Plaire removed a .45 caliber pistol from his waistband, fired two shots in the direction of the men (whom he later identified as "Tay" and "Man-Man"), and ducked into his house.  When Plaire walked back outside, he saw [Appellant] -- whom he knew as "Gaby" -- firing at Tay and Man-Man. [Appellant's] girlfriend, Shannon Robinson ("Robinson"), was also on the scene. [Appellant] pushed Robinson to the ground during the crossfire.  [At trial, Robinson testified that Appellant

---

*Former Justice specially assigned to the Superior Court.

possessed a gun at the scene of the November 23, 2011 shooting on West Huntingdon Street.]

Following a January 26, 2015 waiver trial, th[e trial] court found [Appellant] guilty of [carrying a firearm without a license (18 Pa.C.S.A. § 6106), person not to possess firearms (18 Pa.C.S.A. § 6105), and carrying a firearm in Philadelphia (18 Pa.C.S.A. § 6108.)] The court deferred sentencing for completion of a presentence investigation. On April 28, 2015, the court sentenced [Appellant] to an aggregate term of six to seventeen years of incarceration, followed by three years of probation. [Appellant] (through counsel) filed a post-sentence motion on May 3, 2015. The court denied the motion without a hearing on June 12, 2015.

[Appellant] filed a timely notice of appeal on July 8, 2015, a court-ordered statement of errors complained on appeal ("[concise s]tatement") on August 5, 2015, and a supplemental statement of errors ("[s]upplemental [s]tatement") on September 19, 2015. [Among other issues, Appellant] raised the following claims of error in his [concise s]tatement[:]

The evidence was insufficient as a matter of law to convict [Appellant] under 18 Pa.C.S. § 6106 because the Commonwealth did not present evidence that [Appellant] possessed a "firearm" as defined by 18 Pa.C.S. § 6102;

The verdict was against the weight of the evidence because there was no "physical, forensic, or scientific evidence" of [Appellant's] guilt; one eyewitness did not "adopt or corroborate his prior statement to the police" that [Appellant] possessed a firearm at the time in question; and another eyewitness had motive to lie[.]

Trial Court Opinion, 11/30/15, at 1-3.

We carefully reviewed the certified record, the submissions of the parties, and the opinion of the trial court. Based upon our review, we concur in the trial court's conclusion that the Commonwealth introduced sufficient evidence to sustain Appellant's conviction under 18 Pa.C.S.A. § 6106

because the evidence established beyond a reasonable doubt that Appellant possessed a firearm as defined by 18 Pa.C.S.A. § 6102. ***See*** Trial Court Opinion, 11/30/15, at 4-5 (finding sufficient evidence of Appellant's use of firearm in Plaire's prior statement to police that men involved in shooting used 9mm automatic weapons and officer's recovery of over 40 fired 9mm cartridges from West Huntingdon crime scene). We also conclude that the trial court properly exercised its discretion in rejecting Appellant's claim that his convictions for carrying a firearm without a license (18 Pa.C.S.A. § 6106), person not to possess firearms (18 Pa.C.S.A. § 6105), and carrying a firearm in Philadelphia (18 Pa.C.S.A. § 6108) were against the weight of the evidence. ***See*** Trial Court Opinion, 11/30/15, at 5-6 (finding Plaire's prior statement to police corroborated by other evidence and worthy of belief while Plaire's inability at trial to recall Appellant's involvement in shooting was contrived to avoid testifying; finding further that Robinson's testimony concerning Appellant's involvement in shooting and possession of a gun was not motivated by bias against Appellant). Because the trial court adequately and accurately addressed the issues raised on appeal, we adopt its opinion as our own. We direct the parties to include the trial court's opinion in all future filings that relate to our disposition of this appeal.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/9/2016</u>

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

COMMONWEALTH OF
PENNSYLVANIA

v.

IGNACIO CARTEGENA

:
:
:
:
:
:
:
:

CP-51-CR-0010833-2012

SUPERIOR COURT
2043 EDA 2015

OPINION

WOELPPER, J.                                                     NOVEMBER 30, 2015

I.      PROCEDURAL HISTORY

Following a January 26, 2015 waiver trial, this court found Ignacio Cartegena ("the defendant") guilty of three violations of the Uniform Firearms Act: 18 Pa.C.S. § 6105;[1] 18 Pa.C.S. § 6106;[2] and 18 Pa.C.S. § 6108.[3] The court deferred sentencing for completion of a presentence investigation. On April 28, 2015, the court sentenced the defendant to an aggregate term of six to seventeen years of incarceration, followed by three years of probation. The defendant (through counsel) filed a post-sentence motion on May 3, 2015. The court denied the motion without a hearing on June 12, 2015.

The defendant filed a timely notice of appeal on July 8, 2015, a court-ordered statement of errors complained of on appeal ("Statement") on August 5, 2015, and a supplemental

CP-51-CR-0010833-2012 Comm. v. Cartegena, Ignacio
Opinion



7375550021

---

[1] "Persons not to possess, use, manufacture, control, sell or transfer firearms."
[2] "Firearms not to be carried without a license."
[3] "Carrying firearms on public streets or public property in Philadelphia."

1

statement of errors ("Supplemental Statement") on September 19, 2015.[4] The defendant has raised the following claims of error in his Statement and Supplemental Statement:

(1) The evidence was insufficient as a matter of law to convict the defendant under 18 Pa.C.S. § 6106 because the Commonwealth did not present evidence that the defendant possessed a "firearm" as defined by 18 Pa.C.S. § 6102;[5]

(2) The verdict was against the weight of the evidence because there was no "physical, forensic, or scientific evidence" of the defendant's guilt; one eyewitness did not "adopt or corroborate his prior statement to police" that the defendant possessed a firearm at the time in question; and another eyewitness had motive to lie; and

(3) The court imposed an "unduly harsh and excessive sentence."[6]

For the following reasons, the defendant's allegations of error lack merit, and the judgment of sentence should be affirmed.

## II.    FACTS

The evidence at trial in the light most favorable to the Commonwealth established that on November 23, 2011, a van pulled onto the 2200 block of West Huntingdon Street in Philadelphia. Notes of Testimony ("N.T."), Jan. 26, 2015, at p. 20. Two men (one of whom was wearing a mask) stepped out of the van. *Id.* Both had firearms and began shooting. *Id.* Mark Plaire ("Plaire") was on the block when the van pulled up and the shooting began. *Id.* Thinking the men were firing at him, Plaire removed a .45 caliber pistol from his waistband, fired two

---

[4] On August 10, 2015, the court granted the defendant's "Request for Extension of Time to File a Supplemental Statement of Errors Complained of on Appeal Pursuant to Pa.R.A.P. 1925(b)" because the necessary notes of testimony were not yet available.

[5] In his Statement, the defendant raised a general insufficiency claim as to all three charges. *See* Statement at ¶ 9(a). Only in his Supplemental Statement did he specifically identify what evidence was insufficient (*i.e.*, evidence that the defendant possessed a "firearm" as defined in 18 Pa.C.S. § 6102). *See* Supplemental Statement at ¶ 11.

[6] The defendant's claim of an "unduly harsh and excessive" sentence was raised only in his original Statement. *See* Statement at ¶ 9(c).

2

shots in the direction of the men (whom he later identified as "Tay" and "Man-Man"), and ducked into his house. *Id.* at 19-21. When Plaire walked back outside, he saw the defendant – whom he knew as "Gaby" – firing at Tay and Man-Man. *Id.* at 21 and 25. The defendant's girlfriend, Shannon Robinson ("Robinson"), was also on the scene. *Id.* at 27; 38. The defendant pushed Robinson to the ground during the crossfire. *Id.* at 39.

III.    DISCUSSION

### A. Sufficiency of the Evidence

The Commonwealth presented sufficient evidence that the defendant possessed a "firearm" as defined in 18 Pa.C.S. § 6102. In reviewing a challenge to the sufficiency of the evidence, the appellate court views the evidence in the light most favorable to the Commonwealth, "giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence." *See Commonwealth v. Santiago,* 980 A.2d 659, 662 (Pa. Super. 2009). The evidence is sufficient if it establishes beyond a reasonable doubt that the defendant committed every material element of the crime charged. *Id.* If the record supports the verdict, the reviewing court "may not substitute its judgment for that of the fact finder." *Id.*

Here, the defendant has challenged the sufficiency of the evidence that he possessed a "firearm." Section 6102 defines a firearm as:

> [a]ny pistol or revolver with a barrel length less than 15 inches, any shotgun with a barrel length less than 18 inches or any rifle with a barrel length less than 16 inches, or any pistol, revolver, rifle or shotgun with an overall length of less than 26 inches. The barrel length of a firearm shall be determined by measuring from the muzzle of the barrel to the face of the closed action, bolt or cylinder, whichever is applicable.

The evidence on the record, along with all of the reasonable inferences drawn from that evidence, was sufficient to prove that the defendant possessed a "firearm." First, both Plaire and

3

Robinson observed the defendant holding a firearm. Second, Plaire observed the defendant firing the gun. In his June 4, 2012 statement to Detective Thomas Gaul, Plaire identified the defendant as the individual who shot at Tay and Man-Man. Although Plaire testified at trial that he did not remember if the defendant was one of the individuals involved in the shooting, the court concluded that he was feigning a failed memory to avoid testifying against the defendant. N.T., Jan. 26, 2015, at p. 22.[7] Having found that Plaire's prior inconsistent statement to Detective Gaul was given under reliable circumstances and that Plaire was available for cross examination, the trial court properly admitted the June 4, 2012 statement for both impeachment purposes and as substantive evidence. *See Commonwealth v. Buford*, 101 A.3d 1182, 1201 (Pa. Super. 2014) (citing *Commonwealth v. Brady*, 507 A.2d 66 (Pa. 1986) and *Commonwealth v. Lively*, 610 A.2d 7 (Pa. 1992)).[8]

Finally, Philadelphia Police Officer Edward Fidler recovered 46 fired cartridge casings from the scene. *See* Commonwealth Trial Exhibit C-4. Two of the casings (from a .45 caliber pistol) were recovered on Plaire's porch. This physical evidence was consistent with Plaire's testimony that he had shot his .45 caliber pistol twice. The remaining casings were identified as 9 mm luger casings. This, too, was consistent with Plaire's statement that the men involved in the shooting appeared to be using 9 mm automatics. N.T., Jan. 26, 2015, at pp. 26-27. The court, acting as fact finder, reasonably concluded that some of the 9 mm luger cartridge casings

---

[7] At trial, Plaire testified consistently with his June 4, 2012 statement as to where and when the shooting took place and as to Tay's and Man-Man's involvement. N.T., Jan. 26, 2015, at p. 20-22. The court found incredible that the only "detail" Plaire could not remember was the defendant's involvement (or even the defendant's name). *Id.* at 22.

[8] Plaire was shown his statement at trial and identified certain signatures or initials as his own. He denied or claimed not to be able to identify others. Detective Gaul, after testifying to his protocol when taking a statement (including transcribing the questions asked and answered and giving the witness the transcription to review, read aloud, and confirm as accurate by signing and initialing), testified that Plaire had, in fact, signed and initialed the statement. The court found Detective Gaul's testimony credible and believed that Plaire had given (and adopted by signature) the statement as transcribed. *See Commonwealth v. Presbury*, 665 A.2d 825, 832 (Pa. Super. 1995) (witness's signature on statement at time it was made constituted "adoption" even though at trial witness denied having made many portions of statement).

4

recovered from the scene were from the firearm the defendant was shooting. Because a 9 mm luger is a pistol with a barrel length less than 15 inches, the evidence was sufficient to conclude that the defendant possessed a "firearm" as defined under Section 6102.

### B. Weight of the Evidence

Contrary to the defendant's claim, the verdict was not against the weight of the evidence presented at trial. A new trial is warranted only if the jury's "verdict is so contrary to the evidence as to shocks one's sense of justice..." *See Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013) (internal quotation and citation omitted). Furthermore, it is within the fact-finder's discretion to "believe all, part, or none of the evidence and to determine the credibility of the witnesses..." *Commonwealth v. Brown*, 71 A.3d 1009, 1013 (Pa. Super. 2013) (internal quotation and citation omitted), *appeal denied*, 77 A.3d 635 (Pa. 2013).

As stated above, the court concluded that Plaire's claimed inability to recall anything assigning culpability to the defendant was contrived to avoid testifying against the defendant. Furthermore, the court believed the version of events recounted in Plaire's June 4, 2012 statement. Much of Plaire's earlier account was corroborated by other evidence, including Robinson's testimony and the casings found at the crime scene.

Finally, the court was unconvinced that Robinson's testimony was motivated by bias against the defendant. On cross-examination, Robinson testified that she had written to the defendant while he was incarcerated to inform him that she was ending their relationship based on his infidelity. N.T., Jan.26, 2015, at pp. 42-44. This testimony regarding an undated "breakup" letter did not outweigh all of the afore-discussed evidence supporting the court's verdict. *See Clay*, 64 A.3d at 1055 (trial court must determine whether "notwithstanding all the

5

facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.").

## C. Sentencing

The defendant's aggregate sentence of six to seventeen years incarceration, followed by three years of probation, was not "unduly harsh and excessive," as the defendant has claimed. *See* Statement at ¶9(c). Sentencing is a matter left to the sentencing court's discretion. *Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa. 2007). An abuse of discretion "requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." *Id.* (internal quotations omitted). When the sentencing court imposes a sentence within the sentencing guidelines, the appellate court must review the matter to determine whether the trial court's sentence is "clearly unreasonable." 42 Pa.C.S. § 9781(c)(2). An "unreasonable" decision is one that is "'irrational' or 'not guided by sound judgment.'" *Walls*, 926 A.2d at 963 (internal citations and quotations omitted).

The defendant has not stated with specificity how his sentence is "unduly harsh and excessive." The defendant's incarceration sentences were either within the *mitigated* guideline range or *below* the guidelines.[9] In formulating the sentence, the court considered not only the sentencing guidelines, but also argument by counsel (including argument as to the need for protection of the public), testimony at the sentencing hearing, the defendant's allocution, and the presentence investigation report (including the defendant's rehabilitative needs and any mitigating factors). *See Commonwealth v. Antidormi*, 84 A.3d 736, 761 (Pa. Super. 2014) (citing

---

[9] The parties agreed that the defendant's prior record score was a 5. N.T., Apr. 28, 2015, at p. 4. Based on that prior record score, the guideline sentence range for a violation of 18 Pa.C.S. § 6105 was 60-72 +/- 12 months of incarceration. The court sentenced the defendant to 4-10 years of incarceration. The defendant's guideline range for a violation of 18 Pa.C.S. § 6106 was 48-60 +/- 12 months of incarceration. The court sentenced the defendant to 2-7 years of incarceration. Finally, the defendant's guideline range for a violation of 18 Pa.C.S. § 6108 was 12-18 +/- 3 months of incarceration. The court sentenced the defendant to 3 years of probation.

*Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988) (presumption that sentencing court has considered defendant's rehabilitative needs and mitigating factors when court has reviewed defendant's presentence report). Having given full and due consideration to the requisite factors at sentencing, the court did not abuse its discretion in ordering the defendant to serve a mitigated sentence.

IV.     CONCLUSION

For all of the foregoing reasons, the judgment of sentence should be affirmed.

_____
                                      WOELPPER, J.

7

# IN THE COURT OF COMMON PLEAS
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
### TRIAL DIVISION – CRIMINAL SECTION

COMMONWEALTH OF PENNSYLVANIA      :      CP-51-CR-0010833-2012

              vs.                  :

     IGNACIO CARTEGENA           :      2043 EDA 2015

## PROOF OF SERVICE

I hereby certify that I am this _30th_ day of November, 2015, serving the foregoing Opinion on the persons indicated below by first class mail:

James R. Lloyd, III, Esq.
1617 JFK Blvd. Suite 999
Philadelphia, PA 19103


Hugh Burns, Chief
Appeals Unit
Philadelphia District Attorney's Office
3 South Penn Square
Philadelphia, PA 19107

_Alyson M Bagley_
Alyson M. Bagley, Esq.
Law Clerk to the
Hon. Donna M. Woelpper